SALARY POLICY EMPLOYEE PANEL

v.

TENNESSEE VALLEY AUTHORITY.

Civ. No. 3-77-259.

United States District Court,
E. D. Tennessee, N. D.

Oct. 18, 1977.

Joseph E. Finley, Princeton, N. J., Bernard E. Bernstein, Knoxville, Tenn., for plaintiff.

Larry S. Bush, Tennessee Valley Authority Legal Department, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff, Salary Policy Employee Panel, hereinafter the Union, filed this breach of contract action against the Tennessee Valley Authority (T.V.A.) seeking to enforce an

arbitrator's decision favoring two aggrieved employees. Jurisdiction is alleged under 16 U.S.C. § 831. Both parties have filed motions for summary judgment, supported by pertinent affidavits and memoranda of law.[1] In addition, the extensive record of the grievance procedures carried out prior to the institution of this suit has been filed as an exhibit to one of the affidavits. Oral argument was heard recently on the motions.

## Background

In 1974, a job opening occurred for a Research Chemist, grade SD–3, at T.V.A.'s National Fertilizer Development Center at Muscle Shoals, Alabama. The vacancy was announced to T.V.A. employees on June 20, 1974 and eighteen T.V.A. employees applied for the position, including James M. Cummings, Jr. and Truman K. Crandall. The Chief of the Fundamental Research Branch, Zachary T. Wakefield, reviewed the files of these eighteen employees, as well as the application of a nonemployee, Leland D. Frederick, a former T.V.A. chemist who had resigned a year prior to the date of this vacancy. Frederick was hired by Mr. Wakefield, after Wakefield determined that Frederick was better qualified than any of the applicants from within T.V.A.

Crandall and Cummings then filed grievances, each claiming that he should have received the Research Chemist job. These grievances proceeded internally under the procedures spelled out in the agreement between T.V.A. and the Union. The grievances were then submitted jointly to an arbitrator who rendered an award unfavorable to T.V.A. In his decision, the arbitrator awarded the Research Chemist position to James Cummings, retroactive to July 16, 1974. In reaching this result, the arbitrator concluded that the agreement between T.V.A. and the Union had been to seek out and hire present T.V.A. employees for vacant positions, if any qualified applicants could be found. T.V.A. refused to abide by the arbitrator's decision so the Union brought this action to have the decision enforced.

## Scope of Review

■ Although T.V.A. is a government corporation not subject to the National Labor Relations Act, both parties agree that the same legal principles evolved under that Act are applicable to the instant action.

■ The relation of courts to arbitration was clarified initially by the Supreme Court in the famous *Steelworkers* Trilogy of 1970. As Justice Douglas pointed out, in *United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.,* at 599, 80 S.Ct. at 1362. Earlier in that opinion the Court emphasized that an arbitrator's "award is legitimate only so long as it draws its essence from the collective bargaining agreement," and that a "mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." *Id.,* at 597–8, 80 S.Ct. at 1361. *See District 50, U. M. W. A. v. Tenn. Glad Industries, Inc.,* 297 F.Supp. 52 (E.D.Tenn.1969).

## T.V.A. Act

■ Under the same reasoning by which arbitrators' awards are unenforceable when found to be in direct conflict with the National Labor Relations Act, T.V.A. argues that, due to the direct conflict between the present arbitrator's award and the T.V.A. Act, the award must be declared null and void. Three provisions are cited by T.V.A. in its claim that the Act is directly in conflict with the award:

1. T.V.A.'s motion for summary judgment also requests a dismissal for failure to state a claim upon which relief can be granted. Due to the decision reached herein on the motion for summary judgment, it is unnecessary to consider the motion to dismiss.

1. "In the . . . selection of employees . . . and in the promotion of any such employees . . . no political test or qualification shall be permitted or given consideration, but all such appointments and promotions shall be made on the basis of merit and efficiency." 16 U.S.C. § 831e.

2. "The board shall . . . provide a system of organization to fix responsibility and promote efficiency." 16 U.S.C. § 831b.

3. "The board is hereby authorized—

\* \* \* \* \* \*

"To establish, maintain, and operate laboratories and experimental plants . . . in the most economical manner and at the highest standard of efficiency."

The first provision of the Act quoted above would appear to offer the strongest support for T.V.A.'s position. This section of the Act is entitled "Nonpolitical merit system for employees." The sentence read as a whole expresses the clear intent of Congress to restrict T.V.A. from making appointments on the basis of any political considerations. However, T.V.A. argues that Congress meant more than that, or the last clause concerning "merit and efficiency" would be redundant. The Court agrees that the requirement that appointments be made "on the basis of merit and efficiency" is an additional criterion, but the Court is not convinced that the contract interpretation rendered by the arbitrator to support his award is in direct conflict with this criterion. T.V.A. does not claim that the arbitrator attempted to allow for the appointment of "inside candidates" when they were incompetent or unqualified to perform the duties required of the vacant position. Judge Northrop, in *Local 1852, Waterfront Guards Ass'n v. Amstar Corp.,* 363 F.Supp. 1026 (D.Md.1973), noted that when the arbitrator's award would not *clearly* violate the Act (in that case the N.L.R.A.), courts will endeavor to promote the strong public policy favoring arbitration by enforcing the award. The Court finds that no clear viola-

tion of the T.V.A. Act has been shown; therefore, the arbitrator's interpretation of the contract should be enforced in order to promote the national policy favoring arbitration of labor disputes, unless other grounds for nullifying the award can be found.

### Scope of the Question Submitted

■ The question submitted to the arbitrator by the parties in the submission letter dated November 20, 1975 was:

"[W]hether TVA erred in selecting Mr. Frederick for the position; if you decide that TVA erred, you will then decide which of the two aggrieved employees should have been selected." Exh. G–5 to Clark's Affidavit.

T.V.A. admits that this question is *broad* enough to include the award granted here, but it contends that, in a letter dated March 16, 1976, after receiving interrogatories from the arbitrator, it modified the question submitted to the arbitrator. The Court does not agree that a letter from one party to an arbitrator (sent four months after submission of the dispute) attempting to redefine the scope of the question unilaterally is sufficient to amend or modify the original question. The Court holds that the award was not beyond the scope of the question submitted.

### Past Practices

■ T.V.A. also contends that past practices of T.V.A., in which the Union acquiesced, demonstrate that (1) it had been the long-standing interpretation of the contract to hire outside persons even if qualified applicants could be found within T.V.A.; and (2) this practice had become an "established policy" of T.V.A. and therefore could not be changed via the grievance procedure. (*See* "Articles of Agreement," Exh. B to Clark's Affidavit, p. 97).

The arbitrator held a hearing on this matter. He found that the testimony of T.V.A.'s witnesses did not establish that the practice had been as T.V.A. claimed and that the Union had not acquiesced to that

interpretation of the contract. (Exh. D to Clark's Affidavit, p. 6). His findings of fact on this issue are not clearly erroneous and must stand in this Court.

T.V.A. has advanced other arguments to invalidate the award. While the Court would probably have reached a different conclusion on the merits had this been a *de novo* proceeding, it cannot be said that the arbitrator's reasoning and interpretation were irrational or unreasonable. The Court finds that his award was drawn from the essence of the contract and was a reasonable interpretation of the language therein.

There is no legal basis for refusing to enforce the award.

Accordingly, it is ORDERED that the plaintiff's motion for summary judgment be, and the same hereby is, granted.

Order Accordingly.