**SALARY POLICY EMPLOYEE PANEL**

v.

**TENNESSEE VALLEY AUTHORITY.**

Civ. No. 3–82–181.

United States District Court, E. D. Tennessee, N. D.

July 20, 1982.

Joseph E. Finley, Princeton, N. J., Bernard E. Bernstein, Knoxville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Robert C. Glinski, Brent R. Marquand, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff, Salary Policy Employee Panel (the Panel) seeks an order compelling arbi-

tration and damages for breach of a labor agreement with defendant, Tennessee Valley Authority (TVA). The case is before the Court on TVA's motion to dismiss or for summary judgment and the Panel's motion for partial summary judgment.

The Panel and its members sought to grieve four matters that are the subject of this suit. TVA denied arbitration on the issues, contending that they are not grievable under the Articles of Agreement between TVA and the Panel. The four grievances and the first four causes of action, respectively, may be summarized as follows:

1. Watkins Grievance: An employee claimed unfair treatment because his supervisor refused to release him to accept a position outside the contract's coverage.

2. Reclassification of Auditors: Certain auditor jobs were reclassified as management positions and therefore removed from the bargaining unit.

3. Hartsville Nuclear Plant: TVA reassigned job duties and eliminated two bargaining unit positions.

4. Job Shoppers Grievance: TVA used contract employees to fill bargaining unit positions.

Supplementary agreement 11 of the Articles of Agreement provides as follows:

An employee who believes he has been treated unfairly, or who disagrees with his supervisors as to the application of a policy to him as an employee, may file a grievance....

A grievance may not be filed to change an established policy, standard, or procedure. Changes in these are made only through negotiation.

TVA contends that all of the proposed grievances address decision-making authority conferred by the TVA Act, 16 U.S.C. § 831b, and reserved to management in the collective bargaining agreement. TVA also says that the Panel seeks to change established policies, which may not be done through the grievance process.

It is a fundamental principle of labor law that "settlement of disputes by the parties through the machinery of arbitration" is favored. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Justice Douglas in the famous *Steelworkers* Trilogy gave the following guidance:

In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail....

*Id.* at 584–585, 80 S.Ct. at 1353–1354.

In this case, resolution of the grievability of the issues as well as the substantive issues themselves requires interpretation of the Articles of Agreement. TVA and the Panel have customarily submitted such questions of grievability to arbitration in the past. (Addington Deposition, p. 71; Exhibits 3 and 4 to Addington Affidavit). In this case, an arbitrator can determine whether the proposed grievances seek to change established TVA policy and are not grievable. *See Salary Policy Employee Panel v. Tennessee Valley Authority,* 439 F.Supp. 1134 (E.D.Tenn.1977). He will be better able to construe ambiguous contract language and apply unambiguous provisions. *See Sears, Roebuck and Co. v. Teamsters Local 243,* 683 F.2d 154 (6th Cir., 1982). This course is appropriate where, as here, the Articles of Agreement do not give "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. at 582–583, 80 S.Ct. at 1352–1353; *see also, Tennessee Valley Trades and Labor Council v. Tennessee Valley Authority,* 488 F.Supp. 146 (E.D.Tenn.1980).

In the fifth cause of action, plaintiff seeks $1,000,000 in damages for TVA's "plan, program, and campaign to weaken and emasculate plaintiff... and to breach the Articles of Agreement." Plaintiff has not responded to TVA's motion to dismiss this cause of action as being punitive in nature. Resolution of the proposed grievances should satisfy any claims for damages in this case. The issue of damages will therefore be submitted to arbitration along with plaintiff's other claims.

For the foregoing reasons, it is OR-DERED that plaintiff's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that defendant's motion for summary judgment or to dismiss be, and the same hereby is, denied. It is further ORDERED that all matters be, and the same hereby are, referred to the appropriate arbitration body as provided in the Articles of Agreement.

Order Accordingly.